IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MILAGROS QUIÑONES-GONZALEZ, Individually on her own behalf and others similarly situated,**<br><br>v.<br><br>**KRAFT FOODS GROUP, INC.**<br><br>Defendants. | CIVIL NO.<br><br><br>**[CLASS ACTION FAIRNESS ACT]**<br><br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

Plaintiff Milagros Quiñones-Gonzalez, (hereinafter, "Plaintiff"), a Puerto Rico resident, pursuant to Rule 23 of the Federal Rules of Civil Procedure, brings this class action, on behalf of herself and of all other similarly situated persons, against Kraft Foods Group, Inc., for violations of the Puerto Rico Consumer Legal Remedies Act, false advertising, violation of the Unfair Competition Law, and fraud, deceit and/or misrepresentation. Specifically, Defendants label the Kraft Natural Cheese - Shredded Cheese -Cheddar Fat Free as a "natural cheese" and market it as such, despite that the .Product contains "artificial color,". The following allegations are based upon information and relief, including the investigation of Plaintiff's counsel, and the facts that are a matter of public record, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this circuit wise action individually and on behalf of a proposed class

("Class"), as more fully defined below, of similarly situated consumers, in the United States, (excluding California), Puerto Rico, and all U.S. Territories, seeking to redress the pervasive pattern of fraudulent, deceptive, false and otherwise improper advertising, sales and marketing practices Defendant deceptively informed and led its customers to believe that they were purchasing, for a premium price, products containing all natural cheese, while failing to adequately disclose that such products contain artificial color, synthetic ingredients and/or additives. Defendant obtained substantial profits from these unlawful and deceptive sales.

## JURISDICTION, PARTIES AND VENUE

2. Original jurisdiction of this Court exists by virtue of 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1711, et. seq. The Plaintiff and certain of the Defendants in this action are citizens of different U.S. jurisdictions and territories and the amount in controversy in this action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs. Jurisdiction is also appropriate as Defendant Kraft Foods Group, Inc. otherwise intentionally avails itself of the Commonwealth of Puerto Rico market through its marketing and sales of the products in the Commonwealth of Puerto Rico and/or by having such other contacts with Puerto Rico so as to render the exercise of jurisdiction over it by the District of Puerto Rico court consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in this District under 28 U.S.C. § 1391(a), (b), and (c) because a substantial part of the events giving rise to these claims occurred in the District of Puerto Rico; Defendants and/or their agents were doing business in Puerto Rico; and/or Defendants are otherwise subject to personal jurisdiction in this judicial district.

## PLAINTIFFS

4. For purposes of clarity, the Plaintiff is asserting claims on behalf of all consumers of Kraft Foods Groups products in the United States, (excluding California),Commonwealth of Puerto Rico and all other U.S. territories, who do not appear herein as named Plaintiffs.

5. The named plaintiff Milagros Quinones Gonzalez is a resident of the Commonwealth of Puerto Rico. Plaintiff purchased the Product in Puerto Rico within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff purchased Kraft's Cheddar fat free "natural cheese" at Ralph Food Warehouse located in Caguas, Puerto Rico several times since the year 2000. When purchasing the Product, the plaintiff relied upon the claim "natural cheese" prominently and conspicuously displayed "front and center" on each and every product package, as well as on all other advertising and promotional material, such as the Kraft website and television commercials. Plaintiff viewed and relied upon the "natural cheese" claim both at, and prior to, the point of sale. Had the plaintiff known the Product contains artificial or synthetic ingredients, such as "artificial color", she would not have purchased the Product.



**DEFENDANTS**

6. Defendant Kraft Foods Group, ("Kraft Foods") is a corporation organized and existing under the laws of the State of Delaware, with principal place of business located at Three Lakes Drive, Northfield, Illinois 60093. Kraft offers the Product for sale at stores and retailers as well as through the internet, throughout the nation, including the Commonwealth of Puerto Rico. Kraft, directly and through its agents, has substantial contacts with, and receives substantial benefits and income from and through its sales in the Commonwealth of Puerto Rico, the Virgin Islands, and U.S. territories.

**GENERAL ALLEGATIONS**

7. As the growing concern over health and food safety has become more prevalent among the consuming public, so, too, have the incidences of false and misleading claims about such products. It is becoming more commonly known that certain claims on food packaging implies that a food is healthier, safer or produced to higher ethical standards. The term "natural" and, in this case, "natural cheese," is one such claim.

8. In an effort to capitalize on consumers' increasing desire (and willingness to pay more) for healthier, less processed foods, manufacturers, including Kraft, routinely make false and/or misleading claims about the benefits and characteristics of a product and advertise their products as though they maintain characteristics they do not have and that the manufacturer cannot validate with competent and reliable scientific evidence so as to make receiving the intended benefit illusory and, in some cases, unsafe.

9. Most notably in their marketing of the Product, Defendant uses the, label "***Natural Cheese***" [emphasis added], which appears front and center on the packaging, which labeling and packaging, in turn, pervades Kraft's entire advertising campaign. The "Natural Cheese" label refers to a separate and distinct category of cheese products sold by Kraft, which includes the Product at issue in this Complaint. Kraft's deliberate labeling choice for the Product (i.e., "Natural Cheese") is evidenced by the fact that Kraft differentiates the Product from other non-"natural" labeled cheddar cheese products, which include the following labeled categories, to name a few:

   a. "Kraft", which comes in various cheese products, including cheddar e.g., "Cheddar" Cheese," "Triple Cheddar", "Sharp Cheddar";
   b. "Kraft Singles", which comes in various cheese products, including a "Fat Free Sharp Cheddar";
   c. "Kraft Fresh Take", which comes in various cheese products, including cheddar (e.g., Spicy Chipotle Cheddar, Cheddar Jack).

10. In addition to the packaging and labeling of the Product, Defendants' official website (www.kraftfoodsgroup.com), through commercial and print media reiterate those very same claims, and state, among other things: "For more than 110 years, Kraft has been selling **high-quality natural cheeses** in a wide variety of flavors and forms." [emphasis added.]

11. When purchasing the Product, Plaintiffs relied upon the label "natural cheese" as well as the overall marketing of the Product as "natural cheese", and were led to believe, based on the foregoing, that the Product was natural in that it was not artificial or made of synthetic ingredients, including "artificial color". Had the plaintiff known that the product contained artificial color and other artificial ingredients, she would not have purchased the product.

12. Defendants' labeling and claims about the Product as "natural cheese" lead people to believe that the Product is indeed "natural." This means therefore, that the public is led to believe the Product, at a minimum, has no *artificial* ingredients or characteristics. The public is further led to believe the Product will be healthier, safer and/or produced to a higher standard.

13. The Product was not labeled and advertised as "mostly natural" or "almost all natural" or "95% natural." The Product was advertised and promoted and differentiated from its other non-"natural" products as "natural cheese." It is not natural cheese. In point of fact, the Product contains, at a minimum, artificial color.

14. Accordingly, Kraft's claims are false, deceptive, and misleading, as the Product contains artificial color (among other synthetic ingredients) – a clearly *un-* natural ingredient.

15. The Food and Drug Administration ("FDA") explicitly objects to use of the term "natural" if the food contains added color, artificial flavors, and/or synthetic substances, such as the Product.

16. The FDA considers use of the term "natural" on a food label to be truthful and non-misleading *only when* "nothing artificial or synthetic…has been included in, or has been added to, a food or ingredient that would not normally be expected to be in the food." See 58 FR 2302, 2407, January 6, 1993.

17. In 1993, the FDA stated the following at 58 Fed. Reg. 2302, 2407 (1993), [emphases added]: "After reviewing and considering the comments, the agency continues to believe that if the term "natural" is adequately defined, the ambiguity surrounding use of this term that results in misleading claims could be abated. However, as the comments reflect, there are many facets of this issue that the agency will have to carefully consider if it undertakes a rulemaking to define the term "natural."

> Because of resource limitations and other agency priorities, FDA is not undertaking rulemaking to establish a definition for "natural" at this time. The agency will maintain its current policy (as discussed in the general principles proposal (56 FR 60421 at 60466)) not to restrict the use of the term "natural" **except for added color, synthetic substances, and flavors** as provided in § 101.22.
>
> Additionally, the agency will maintain its policy (Ref. 32) regarding the use of "natural," as meaning that **nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food**. Further, at this time the agency will continue to distinguish between natural and artificial flavors as outlined in § 101.22.

18. Contrary to the implications of the term "natural" on food products, artificial food coloring is not considered healthy or safe. Among the health concerns regarding artificial food

coloring are that it could cause everything from hyperactivity in children, to allergic reactions, to asthma complications, or cancer.

19. The Center for Science in the Public Interest links food colorings to hyperactivity and behavior problems in children, and has been urging the FDA to ban certain dyes that they believe cause these issues.

20. During the course of their false, misleading, and deceptive advertising campaign, Defendants have sold hundreds of thousands of units or more of the Product based upon Defendants' false promises. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations, all of which entitled the plaintiff and the class to recover damages under Articles I and III of the Puerto Rico Civil Code.

21. Had Defendant not misrepresented (by omission and commission) the true nature of its Products, Plaintiff would not have purchased Defendant's product or, at a very minimum, he would have paid much less for the product.

Plaintiff brings this action against Defendant on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff seeks to represent a class defined as follows:

> **All persons who, between August 17, 2010 and the present, purchased, in the United States, (excluding California), the Commonwealth of Puerto Rico, the Virgin Islands, and U.S. Territories, the following product: Kraft's Cheddar fat free "natural cheese**.:

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this suit as a class action on behalf of himself and on behalf of other similarly situated persons pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and/or

discovery, the foregoing definition of the Classes may be expanded or narrowed. The proposed Classes are defined as follows:

23. **Class:** All persons who purchased Kraft's Cheddar fat free "natural cheese" product in the District of Puerto Rico, and all U.S. territories, within the applicable statutory limitations period, including the period following the filing date of this action.

24. Excluded from the Classes are: (1) Defendants, Defendants' subsidiaries, affiliates, officers, directors, assigns and successors, and any entity which Defendants have a controlling interest; (2) the Judge to whom this case is assigned and any member of the judge's immediate family; (3) anyone who purchased Kraft's Cheddar fat free "natural cheese" products for the purpose of resale; and (4) anyone asserting claims for personal injury. Plaintiff reserves the right to modify the Class and Subclass definitions as further investigation and/or discovery so warrant.

25. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23 and case law thereunder.

26. **Numerosity**: The members of the Classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that the Classes are comprised of tens of thousands of consumers throughout Puerto Rico and the United States territories.

27. **Commonality**: Common questions of law and fact exist as to all members of the Classes. These common questions predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

- whether Defendants' claims regarding Kraft's Cheddar fat free "natural cheese" product is deceptive or misleading;
- whether Defendants engaged in false or misleading advertising;

- whether Defendants' conduct as alleged herein violates the Puerto Rico Deceptive Acts and Practices Act and/or other U.S. territories unfair trade practices acts;

- whether Defendants' conduct as alleged herein constitutes a breach of warranty;

- whether Defendants' conduct as alleged herein constitutes unjust enrichment;

- whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

- whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

These and other questions of law or fact which are common to the members of the Class and predominate over any questions affecting only individual members of the Class.

28. **Typicality**: Plaintiff s claims are typical of the claims of the members of the Class, as all Class members are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Classes, purchased Kraft's Cheddar fat free "natural cheese" after exposure to the same material misrepresentations and/or omissions appearing on the product packaging and on or in Defendants' marketing and advertising, and received a product that was not as represented. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class.

29. **Adequacy**: Plaintiff s claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

30. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent counsel. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

31. This suit may be maintained as a class action under Fed. R .Civ. P. 23(b) (2) because Defendant has acted, and/or refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to: (i) discontinue advertising, marketing, packaging and otherwise representing Kraft's Cheddar fat free "natural cheese" products as superior; (ii) undertake an immediate public information campaign to inform members of the proposed Class as to their prior practices; and (iii) to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Kraft's Cheddar fat free "natural cheese" products including without limitation, the placement of corrective advertising and providing written notice to the public.

32. In addition, this suit may be maintained as a class action under Fed. R. Civ .P. 23 (b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. individualize litigation inasmuch as it presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents no management difficulties, and

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I (Breach of Express Warranty)

## Deceptive and Unfair Marketing

33. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-32 above as if fully set forth herein.

34. Plaintiff, and each member of the Class, formed a contract with Defendant at the time they purchased Defendant's Kraft's Cheddar fat free "natural cheese". The terms of that contract include the promises and affirmations of fact made by Defendant on the labels of Defendant's Kraft's Cheddar fat free "natural cheese" Kraft, its Kraft's Cheddar fat free "natural cheese" product and through the advertising and marketing campaign, as alleged above. Kraft's Cheddar fat free "natural cheese" product's labeling and advertising constitute express warranties, are part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class, on the one hand, and Defendant, on the other.

35. Alternatively, privity was established between Defendant and Plaintiff and Class Members because Defendant, and/or its agents, were substantially, if not completely responsible for directly promoting and marketing Defendant's Kraft's Cheddar fat free "natural cheese" product to Plaintiff and Class Members and Plaintiff and Class Members were directly promoted to and marketed to by Defendant prior to purchasing Kraft's Cheddar fat free "natural cheese" product resulting in the purchase of Defendant's product by Plaintiff and Class Members. By virtue of this direct promotion and marketing to Plaintiff and Class

Members, Defendant directly made an express warranty of Kraft's Cheddar fat free "natural cheese" product attributes and benefits to Plaintiff and Class Members.

36. All conditions precedent to Defendant's liability under the warranty have been performed by Plaintiff and the Class.

37. Defendant breached the terms of the express warranty by not providing a product that provided the benefits promised. The statements made by Defendant that warranted Defendant's claims of Kraft's Cheddar fat free "natural cheese" products having a superior nature, attributes and benefits were not "puffery" or mere opinion -they were statements and affirmations of specific benefits and superior performance over alternative and lower priced sources of Cheddar fat free "natural cheese" constitute violations of the provisions of Section 5 of the Trade Commission Act and Rules 5 and 7 of the Regulations Against Deceitful and Misleading Advertising of Puerto Rico Department of Consumer Affairs, the Virgin Islands Consumer Fraud and Business Practices Act, 12A V.I.C. § 301 et seq.., and other territorial Consumer Fraud Protection Acts.

38. Plaintiffs and Class Members relied on these representations by Defendant in purchasing Defendant's Kraft's Cheddar fat free "natural cheese" instead of less expensive, but equally or more effective, alternative sources for cheese.

39. As a result of Defendant's breach of warranty, Plaintiff and the Class have been damaged in the amount of the purchase price of Defendant's Kraft's Cheddar fat free "natural cheese", and have suffered other damages to be determined by proof at trial.

## COUNT II (Unjust Enrichment)

40. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above as if fully set forth herein.

41. Plaintiff and Class members conferred a tangible economic benefit upon Defendant by purchasing Kraft's Cheddar fat free "natural cheese "product. Plaintiff and Class members would have expected remuneration from Defendant at the time this benefit was conferred had they known that Kraft's Cheddar fat free "natural cheese" was artificial or imitation, was not "natural cheese" and that it contained artificial color.

42. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched at the expense of Plaintiff and Class members.

43. It would be inequitable for Defendant to retain the profits, benefits and other compensation obtained by its wrongful conduct in marketing and selling of Kraft's Cheddar fat free "natural cheese" product.

44. Plaintiff, on behalf of himself and Class members, seeks restitution from Defendant, and an order of this Court disgorging all profits, benefits and other compensation obtained by Defendant from the wrongful conduct.

45. The Defendant's acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to, the knowing misrepresentation or failure to disclose the source, affiliation, origin, characteristics, ingredients, standards and quality of Kraft's Cheddar fat free "natural cheese" product constitute violations of the provisions of Section 5 of the Trade Commission Act and Rules 5 and 7 of the Regulations Against Deceitful and Misleading Advertising of the Puerto Rico Department of Consumer Affairs, the Virgin Islands Consumer Fraud and

Business Practices Act, 12A V.I.C. § 301 et seq.., and other territorial Consumer Fraud Protection Acts.

46. The Defendant's unconscionable, unfair, and deceptive acts and practices set forth in this Complaint are likely and reasonably foreseeable to mislead Plaintiff and members of the Class acting reasonably in their reliance on Defendant's acts and practices, and to their detriment.

47. The Defendant engaged in the unconscionable, unfair, and deceptive acts or practices set forth in this Complaint in the conduct of trade or commerce, in violation of the provisions of Section 5 of the Trade Commission Act and Rules 5 and 7 of the Regulations against Deceitful and Misleading Advertising of the Puerto Rico Department of Consumer Affairs.

48. The Defendant's misrepresentations or omissions as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and Class Members regarding Defendant's products.

49. The Defendant's business practice, in its advertising, marketing, packaging, labeling and sales of its Kraft's Cheddar fat free "natural cheese" as "natural" justifying substantially higher prices over alternative sources of cheese, is an unconscionable, unfair, and deceptive act or practice, in violation of the applicable Consumer Protection Acts, in that it (1) offends established public policy, (2) is immoral, unethical, oppressive, or unscrupulous, and/or (3) is substantially injurious and caused actual damages to consumers, including Plaintiff and Class Members who purchased Kraft's Cheddar fat free "natural cheese" product because of Defendant's representations and conduct.

50. Plaintiff and Class Members have suffered actual damages as a result of Defendant's violation of in violation of the provisions of Section 5 of the Trade Commission Act and Rules 5 and 7 of the Regulations against Deceitful and Misleading Advertising of the Puerto Rico Department of Consumer Affairs and are entitled to relief.

51. As a direct and proximate cause of Defendant's violations of various applicable Consumer Protection Acts, Plaintiff and Class Members have incurred harm and damages as described herein, and are entitled to recover for those damages, including but not limited to, actual damages, costs, attorneys' fees, and injunctive relief, pursuant to the Class Action Fairness Act and the various other Consumer Protection Acts.

**PRAYER FOR RELIEF**

52. **WHEREFORE,** Plaintiff, on behalf of herself and all members of the Classes defined herein, by the undersigned attorney, prays for judgment as follows:

    - Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and her legal counsel as Class legal counsel;

    - A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to: (i) discontinue advertising, marketing, packaging and otherwise representing Kraft's Cheddar fat free "natural cheese"; (ii) undertake an immediate public information campaign to inform members of the proposed Class as to the prior practices; and (iii) to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Kraft's Cheddar fat free "natural cheese" product, including without limitation, the placement of corrective advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition or false advertising;

- Distribution of any moneys recovered on behalf of members of the Class via fluid recovery or cy press recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of the wrongful conduct;

- Compensatory and other damages for economic and non-economic damages identified herein, including all damages allowed by governing statutes; as well as Statutory pre-judgment and post-judgement interest.

- Reasonable attorneys fees.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, on this the 4th day of July, 2015.

/s/ *José R. Franco-Rivera*
**JOSE R. FRANCO-RIVERA, Esq.**
**USDC #129014**

P.O. Box 16834, San Juan, Puerto Rico 00907-6834

Tel. 787/407-7041; E mail address: jrfrancolaw@gmail.com