IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILAGROS QUIÑONES GONZALEZ,
individually on her own behalf and
others similarly situated

Plaintiff

vs

KRAFT FOODS GROUP, INC.

Defendant

CIVIL 15-1892CCC
(Class Action Fairness Act)

## JUDGMENT

This case was filed on July 27, 2015 by Milagros Quiñones González, individually and on behalf of others similarly situated. The named plaintiff was represented by attorney José R. Franco Rivera; the action was titled "Class Action Complaint" and at its paragraph 4, page 3, described the action as "asserting claims on behalf of all consumers of Kraft Foods Groups products in the United States, (excluding California), Commonwealth of Puerto Rico and all other U.S. territories" against Kraft Foods Group, alleging that plaintiff relied on the "natural" cheese label on Kraft fat-free cheddar cheese. It was alleged at paragraph 9 of the complaint that Kraft made a deliberate labelling choice for this product as "natural cheese." Paragraphs 11 through 16 set forth allegations that by using the label "natural cheese" plaintiffs were led to believe that the product was natural, not artificial or made of synthetic ingredients including "artificial color." See paragraphs 11 and 12. Paragraph 13 avers that "[t]he product . . . is not natural cheese . . . [it] contains, at a minimum, artificial color." Paragraph 14 states that "Kraft's claims are false, deceptive, and misleading, as the Product contains artificial color . . ." Paragraphs 15 and 16

CIVIL 15-1892CCC                            2

specifically refer to when the Food and Drug Administration considers the use of the term "natural" on a food label to be truthful.

Although paragraphs 23 through 32 state reasons why this class could be maintained as a class action under Fed. R. Civ. P. 23(b)(3), the class was never certified by the Court.

Plaintiff, on behalf of herself and others, requested injunctive relief against defendant Kraft Foods Group to "discontinue advertising, marketing, packaging and otherwise representing Kraft's Cheddar fat free 'natural cheese'; . . . to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Kraft's Cheddar fat free 'natural cheese' product; [and to] to restore to the Plaintiff and members of the Class all funds acquired by means of . . . false advertising" in a sum of no less than five million dollars.

On July 31, 2017, Milagros Quiñones González, as the named plaintiff, filed a *pro se* Motion requesting time to secure new counsel since her attorney was barred from practicing law by the Supreme Court of Puerto Rico. At the time and until the present, the motion for summary judgment filed since June 30, 2016 by defendant (d.e. 27) remains unopposed. On September 15, 2017, the Court issued an Order (d.e. 40) granting the motion requesting time to secure new counsel. It also allowed plaintiff until October 13, 2017 to appear represented by counsel. This Order was notified to plaintiff by the Clerk's Office by certified mail. The return receipt was signed by plaintiff Milagros Quiñones González acknowledging its delivery on November 4, 2017 (d.e. 42).

CIVIL 15-1892CCC                        3

    Four months later, the Court issued an Order filed on January 18, 2018 (d.e. 44) noting that plaintiff had appeared *pro se* on July 21, 2017 (d.e. 38) requesting time to secure new counsel and that on September 15, 2017 the Court granted her (d.e. 40) until October 13, 2017 to appear represented by counsel.  The Court noted in its January 18, 2018 Order that three months later, plaintiff had yet to comply with said Order.  She was then ordered to appear represented by counsel no later than February 28, 2018 and also admonished that the failure to do so would result in the immediate dismissal of the action for lack of interest in its prosecution (see d.e. 44, paragraph 2).  The record reflects that this Order was also sent to plaintiff by certified mail, return receipt requested (d.e. 46).  The Order was delivered on January 31, 2018.  Plaintiff Milagros Quiñones González signed the return receipt on that same date (d.e. 46).

    Thirteen months later, the Court's Order setting a February 28, 2018 deadline remains ignored.  Milagros Quiñones González, the only named plaintiff in the complaint identified by her as a class action, has not submitted any *pro se* filing either.

    Considering plaintiff's failure to prosecute this action for over a year without providing any justification, it is ORDERED and ADJUDGED that the same be and is hereby DISMISSED, without prejudice.

    SO ORDERED AND ADJUDGED.

    At San Juan, Puerto Rico, on March 21, 2019.

                                                    S/CARMEN CONSUELO CEREZO
                                                      United States District Judge